UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-20612-UU

GRACE SOLIS,

    Plaintiff,

v.

CITIMORTGAGE, INC., *et al.*,

    Defendants.

_____/

### ORDER

THIS CAUSE came before the Court upon *sua sponte* examination of the record.

THIS COURT has reviewed the pertinent portions of the record, and being otherwise fully advised in the premises.  It is hereby

On February 19, 2016, Plaintiff filed her Verified Complaint against a number of Defendants.  D.E. 1.  Plaintiff's claims arise from Defendants' alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1691, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.*  In reviewing Plaintiff's Verified Complaint, it would appear that Plaintiff is attempting to allege over one hundred claims against twelve Defendants.  Aside from Count I, the Counts are grouped together as follows: "Counts II – XLIII" for willful and negligent violation of Florida Consumer Collection Practices Act; "Counts XLIV through CV" for willful and negligent violations of Fair Credit Reporting Act, and "Counts CVI through CVXIV" for violations of the Fair Debt Collections Practices Act.  D.E. 27.

In alleging these claims, Plaintiff fails to conform to Federal Rule of Civil Procedure 8 for stating claims for relief, and her pleading amounts to a shotgun-style pleading that is frowned upon by the Eleventh Circuit Court of Appeals.  *See Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3. 2011).  "A shotgun-style complaint is [sic] one that 'incorporates all of the general factual allegations by reference into each subsequent claim for relief.'"  *Id.* (citing *Ferrell v. Durbin*, 311 Fed. App'x 253, 259 (11th Cir. 2009)).  Such a form is "disfavored as 'unhelpful and poorly drafted,' and the experience 'teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'"  *Id.* (citing *Paramo v. IMICO Brickell, LLC*, No. 08-20458-CIV, 2008 WL 4360609, at *8 (S.D. Fla. Sept. 24, 2008)).  Should Plaintiff intend to pursue this case, she is required to conform to the pleading requirements set out in the Federal Rules of Civil Procedure, notwithstanding her *pro se* status, and identify the specific allegations that are being asserted against each individual Defendant.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Verified Complaint is DISMISSED WITHOUT PREJUDICE.  Plaintiff SHALL re-file her Verified Complaint on or before **Friday, March 18, 2016** in accordance with the deficiencies addressed in this Order.  **The failure to comply with this Order will result in the dismissal of this action without further notice.**

DONE AND ORDERED in Chambers at Miami, Florida, this _3d_ day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf

*Pro se* Plaintiff