UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-20612-UU

GRACE SOLIS,

    Plaintiff,

v.

CITIMORTGAGE, INC., *et al.*,

    Defendants.

_____/

## ORDER

THIS CAUSE came before the Court upon *sua sponte* examination of the record.

THIS COURT has reviewed the pertinent portions of the record, and being otherwise fully advised in the premises.  It is hereby

On February 19, 2016, Plaintiff filed her Verified Complaint against a number of Defendants.  D.E. 1.  Plaintiff's claims arise from Defendants' alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1691, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.*  In her Complaint, Plaintiff attempted to allege over one hundred claims against twelve Defendants.  On March 3, 2016, this Court dismissed Plaintiff's Verified Complaint without prejudice on the grounds that Plaintiff's Complaint failed to conform to the Federal Rules of Civil Procedure and amounted to a shotgun-style pleading.  D.E. 7.

On March 18, 2016, Plaintiff filed her First Amended Complaint.  D.E. 8.  Once again, Plaintiff filed a number of claims against twelve individuals.  The claims are grouped together as

follows: Count I - Violations of the TCPA against Defendant, Citimortgage, Inc.; Counts II-LXXIV against Defendant, Citimortgage, Inc.; Counts LXXV-CLXXI against Defendant, Citimortgage, Inc.; and Counts CLXXIII-CLXXXIV against twelve separate Defendants; Counts CLXXXV-CXCIII against eight Defendants.  D.E. 8.

Once again, in alleging these claims, Plaintiff wholly fails to conform to Federal Rule of Civil Procedure 8 for stating claims for relief, and her pleading amounts to a shotgun-style pleading that is frowned upon by the Eleventh Circuit Court of Appeals.  *See Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3. 2011).  "A shotgun-style complaint is [sic] one that 'incorporates all of the general factual allegations by reference into each subsequent claim for relief.'" *Id.* (citing *Ferrell v. Durbin*, 311 Fed. App'x 253, 259 (11th Cir. 2009)).  Such a form is "disfavored as 'unhelpful and poorly drafted,' and the experience 'teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" *Id.* (citing *Paramo v. IMICO Brickell, LLC*, No. 08-20458-CIV, 2008 WL 4360609, at *8 (S.D. Fla. Sept. 24, 2008)).

Notwithstanding her *pro se* status, Plaintiff is required to conform to the Federal Rules of Civil Procedure, and in pleading her First Amended Complaint, she failed to do so.  It is impossible for this Court to ascertain which claims are being alleged against which Defendants and which factual allegations pertain to the claims.  To permit this action to go forward would result in a waste of judicial resources.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's First Amended Complaint (D.E. 8) is DISMISSED without prejudice.  It is further

ORDERED AND ADJUDGED that this case is CLOSED for administrative purposes.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st__ day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf

*Pro se* Plaintiff