

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 10, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 16-14862-GG
Case Style: Grace Solis v. CitiMortgage, Inc., et al
District Court Docket No: 1:16-cv-20612-UU

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: James O'Donnell Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 16-14862

_____

District Court Docket No.
1:16-cv-20612-UU

GRACE SOLIS,

                            Plaintiff - Appellant,

versus

CITIMORTGAGE, INC.,
ROBERTSON, ANSCHUTZ & SCHNEID, P.L.,
AMY SUMACEWSKI,
ZACHARY W. SMITH,
BETZY FALGAS, et al.,

                            Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 07, 2017
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 08/10/2017**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14862
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20612-UU

GRACE SOLIS,

                                                    Plaintiff-Appellant,

versus

CITIMORTGAGE, INC.,
ROBERTSON, ANSCHUTZ & SCHNEID, P.L.,
AMY SUMACEWSKI,
ZACHARY W. SMITH,
BETZY FALGAS, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Grace Solis, a pro se litigant, appeals the district court's dismissal of her consumer protection complaint. On appeal, CitiMortgage, Inc. ("CITI") argues that we lack jurisdiction over the appeal. Solis argues that we have jurisdiction, and that the district court abused its discretion by dismissing the complaint, effectively with prejudice, without finding both delay or willful contempt and lesser sanctions to be inadequate. After careful review, we vacate and remand.

I.

For starters, we are unpersuaded by CITI's claim that we lack jurisdiction over Solis's appeal. "To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." CSX Transp., Inc. v. City of Garden City, 235 F.3d 1325, 1327 (11th Cir. 2000); 28 U.S.C. §§ 1291, 1292. A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id. (quotation omitted). An order disposing of fewer than all the claims of all the parties is not final and appealable unless the district court certifies the order for immediate review under Federal Rule of Civil Procedure 54(b). Supreme Fuels Trading FZE v. Sargeant, 689 F.3d 1244, 1246 (11th Cir. 2012). Similarly, an order contemplating further substantive proceedings in a case is not final and appealable. Broussard v. Lippman, 643 F.2d 1131, 1133 (5th Cir. 1981).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we

Generally, an involuntary dismissal of a complaint without prejudice is a final, appealable order. Justice v. United States, 6 F.3d 1474, 1481 (11th Cir. 1993); Davis Forestry Corp. v. Smith, 707 F.2d 1325, 1326 n.1 (11th Cir. 1983). Thus, a dismissal without prejudice that closes the case without granting the plaintiff leave to amend or re-file is a final order. Samco Glob. Arms, Inc. v. Arita, 395 F.3d 1212, 1213 n.2 (11th Cir. 2005). However, a dismissal without prejudice that contemplates an opportunity to re-file the dismissed claims is not final for purposes of appeal. Grayson v. K Mart Corp., 79 F.3d 1086, 1094-95 & n.7 (11th Cir. 1996). A plaintiff does not have a right to amend as a matter of course after the dismissal of the complaint, and the dismissal itself automatically terminates the action when the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes a dismissal of the action. Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1554-55 & n.4 (11th Cir. 1984) (explaining that this approach is consistent with Fed. R. Civ. P. 15's "liberal mandate that leave to amend be freely given when justice so requires, without granting the plaintiff carte blanche power to reopen a case at will by filing an amendment" (quotation omitted)).

Administratively closing a case is not the same as dismissing a case and is not dispositive of finality. Martinez v. Carnival Corp., 744 F.3d 1240, 1244 (11th

---

adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

Cir. 2014).  In Martinez, we analyzed the finality of a district court order granting a defendant's motion to compel arbitration and administratively closing a case by "look[ing] to the practical effect" of the order, "not to its form." Id.  We decided the order was final and appealable because the district court "effectively and functionally . . . issued a decision that end[ed] the litigation on the merits," and was left only with executing the judgment.  Id. at 1244-45 (quotation omitted).

A notice of appeal must designate the judgment, order, or part thereof that the appellant wishes to appeal.  Fed. R. App. P. 3(c)(1)(B).  Ordinarily, failing to abide by this requirement will preclude us from reviewing an unspecified judgment or order.  McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986).  However, courts liberally construe the requirements of Rule 3, and "it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." Id. (quotation omitted); see also Fed. R. App. P. 3(c)(4) (providing that an appeal "must not be dismissed for informality of form or title of the notice of appeal").  A document may be construed as a notice of appeal so long as the document is the "functional equivalent" of a notice of appeal and clearly evinces the party's intent to seek appellate review.  Rinaldo v. Corbett, 256 F.3d 1276, 1278-80 (11th Cir. 2001).  Accordingly, a party's pro se appellate brief, filed within the time to appeal, may

4

be construed as an effective notice of appeal. Smith v. Barry, 502 U.S. 244, 246-49 (1992); Finch v. City of Vernon, 845 F.2d 256, 259 (11th Cir. 1988).

The timely filing of a notice of appeal is a jurisdictional requirement in a civil case, and we cannot entertain an out-of-time appeal. Green v. DEA, 606 F.3d 1296, 1300-02 (11th Cir. 2010). To be timely, a notice of appeal must be filed no later than 30 days after the challenged judgment or order is entered. Fed. R. App. P. 4(a)(1)(A); see also Fed. R. App. P. 26(a)(1)(C) (excluding the last day of a period from time computations if that day is a Saturday, Sunday, or legal holiday). Every judgment must be set out in a separate document, except for orders disposing of certain motions, including motions to alter or amend a judgment or for relief from a judgment. Fed. R. Civ. P. 58(a). When a separate document is required by Rule 58, the judgment or order is "entered" for purposes of Rule 4(a) either when the judgment or order is set forth on a separate document or when 150 days have run from the entry of the judgment or order on the docket, whichever occurs first. Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(c)(2), 79(a).

We have jurisdiction over this appeal. As the record shows, the action in the district court became final and appealable on March 21, 2016, when the district court entered its order dismissing Solis's first amended complaint without prejudice and administratively closed the case ("March 21 order"). See Justice, 6 F.3d at 1481. Unlike the district court's prior order dismissing Solis's initial

complaint without prejudice and granting her leave to re-file, the March 21 order did not explicitly grant her leave to re-file her claims or further amend her complaint. In fact, the court expressly said that permitting the action to go forward would be "a waste of judicial resources." Because the district court made clear by closing the case that no further amendment of the complaint would be permitted, and that its dismissal of the complaint also constituted a dismissal of the action, the March 21 order is final for purposes of appeal. See Samco Glob. Arms, 395 F.3d at 1213 n.2; Czeremcha, 724 F.2d at 1554-55 & n.4.

As for the fact that the district court administratively closed the case, rather than explicitly dismissing the case, that action does not render the March 21 order non-final. Rather, by disposing of all of Solis's claims without contemplation of further substantive proceedings in the case, the order left the court with nothing further to do but execute its judgment, thereby effectively ending the litigation on the merits. See Martinez, 744 F.3d at 1244-45.

In addition, because the district court failed to enter judgment as a separate order as required by Fed. R. Civ. P. 58(a), both Solis's July 6, 2016, notice of appeal and her appellate brief timely appealed the dismissal. For purposes of Rule 4(a), the judgment was entered 150 days after the entry of the March 21 order: on August 18, 2016. See Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(c)(2),

79(a). Solis then had 30 days, until September 19, 2016, to file a timely notice of appeal. See Fed. R. App. P. 4(a)(1)(A); see also Fed. R. App. P. 26(a)(1)(C).

While Solis's notice of appeal did not designate the March 21 order for appeal, an appellate brief may be construed as a notice of appeal when it both contains the functional equivalent of what Fed. R. App. P. 3(c) requires and clearly evinces an intent to appeal. See Smith, 502 U.S. at 246-49; Rinaldo, 256 F.3d at 1278-80. Solis's appellate brief satisfies both these criteria. Additionally, no party would be disadvantaged by construing Solis's appellate brief as a notice of appeal, because CITI was given the opportunity to, and in fact did, respond to Solis's arguments challenging the March 21 order in its appellate brief. Accordingly, we have jurisdiction to review the March 21 order.

II.

We also agree that the district court abused its discretion by dismissing Solis's complaint, effectively with prejudice, without making the necessary findings. Inherent in a district court's authority to enforce its own orders and promptly dispose of the cases on its docket is the court's power to dismiss a plaintiff's complaint. Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998). So, for example, the court may dismiss an action sua sponte under Fed. R. Civ. P. 41(b) for failure to prosecute. Lopez v. Arkansas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978). "Although the rule is phrased in terms of dismissal on

the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." Id. (quotation omitted); see Fed. R. Civ. P. 41(b) (allowing dismissal for failure to comply with the federal rules or a court order). We review dismissals like these for abuse of discretion. Lopez, 570 F.2d at 544.

Where a dismissal has the effect of precluding an appellant from refiling her claim because the statute of limitations has run, the dismissal is "tantamount to a dismissal with prejudice." Justice, 6 F.3d at 1482 n.15 (quotation omitted); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (observing that when "the statute of limitations prevents or arguably may prevent a party from refiling," a dismissal without prejudice is no "less severe a sanction than a dismissal with prejudice" (quotation omitted)). In that situation, the standard of review is also abuse of discretion. See Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Boazman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1976). Nevertheless, dismissal with prejudice is a sanction of last resort and is to be applied only in extreme circumstances. Jones, 709 F.2d at 1458. We've called it a "drastic sanction" a district court should use only when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995).

We've "occasionally inferred" that a district court implicitly found that lesser sanctions would not suffice, but we've "never suggested that the district court need not make that finding." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (quotation omitted). Rather, we "rigidly require the district courts to make these findings." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005). Moreover, while a court does not have license to act as de facto counsel to a party or to rewrite a deficient pleading, courts liberally construe pleadings drafted by pro se litigants. Campbell v. Air Jam., Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Among other things, the Telephone Consumer Protection Act ("TCPA") makes it unlawful to call a cellular telephone number using an automatic telephone dialing system without prior consent if the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA has a four-year statute of limitations that begins when the cause of action accrues. 28 U.S.C. § 1658(a). Under the Fair Credit Reporting Act ("FCRA"), people who furnish information to credit reporting agencies have an obligation to investigate disputes and report the results of those investigations to the credit reporting agency. 15 U.S.C. § 1681s-2(b). A FCRA action is timely if it is filed within two years after the date the plaintiff discovered the violation or five years after the date on which the violation

occurred, whichever is earlier. See 15 U.S.C. § 1681p; Clay v. Equifax, Inc., 762 F.2d 952, 958 (11th Cir. 1985).

The Florida Consumer Collection Practices Act ("FCCPA") prohibits, inter alia, contacting a debtor directly when that person is represented by an attorney regarding the debt. Fla. Stat. § 559.72(18). The FCCPA also prohibits attempting to enforce a debt when the debt is known to be illegitimate, id. § 559.72(9), and disclosing information affecting the debtor's reputation to a third party other than the debtor's family if the third party does not have a legitimate business need or if the information is false, id. § 559.72(5). A FCCPA action must be filed within two years after the date the alleged violation occurred. Id. § 559.77(4).

Statutes of limitations exist to prevent the passage of time from interfering with the just determination of fact, to eliminate stale claims, and to provide certainty regarding a defendant's liabilities. See Witt v. Metro. Life Ins. Co., 772 F.3d 1269, 1278 (11th Cir. 2014). As a result, courts will typically reject claims asserted after a statute of limitations has run. See id.

We are constrained to conclude that the district court abused its discretion in dismissing Solis's complaint. To begin with, we interpret the district court's dismissal to have been with prejudice, since the relevant statutes of limitations would bar Solis from pursuing many of her federal claims if she attempted to refile them now in 2017. Boazman, 537 F.2d at 213. For example, Solis alleged in the

first amended complaint that, beginning on or about November 1, 2011, she received approximately 77 calls from an automatic dialer connected to CITI, and that some of these calls occurred on or after March 7, 2012. She asserted these calls violated the TCPA, which makes it unlawful to call a cellular phone using an automatic telephone dialing system without prior consent. 47 U.S.C. § 227(b)(1). Because the TCPA has a four-year statute of limitations, 28 U.S.C. § 1658(a), Solis's TCPA claims -- based on the March 2012 calls -- would be barred if she attempted to refile them in 2017, even though the statute of limitations did not bar them as filed in the first amended complaint.[2] Similarly, her FCRA claims -- based on her discovery on August 30, 2015 that CITI had failed to investigate her disputes with statements CITI made to various credit reporting agencies as early as August 2011, 15 U.S.C.§1681s-2(b) -- would also be time-barred if she attempted to refile them in 2017. See 15 U.S.C. § 1681p (providing the FCRA's statute of limitations as the earlier of either two years from when a party discovered the violation or five years after the violation occurred). As would many of her FCCPA claims -- based on dozens of monthly debt collection statements that CITI sent her beginning in January 2014 despite knowing that she was represented by an attorney. See Fla. Stat. §§ 559.72(18), 559.77(4) (providing a two-year statute of

---

[2]   On the other hand, Solis's claims based on calls prior to March 2012 appear to have been untimely when they were filed in February 2016 and therefore remain barred by the statute of limitations regardless of the outcome of this appeal. See Witt, 772 F.3d at 1278.

limitations for these FCCPA claims). In short, because the district court's dismissal of the first amended complaint would cause Solis to lose refiled TCPA and other claims on statute of limitations grounds, we view the district court's dismissal of Solis's complaint as being with prejudice. Boazman, 537 F.2d at 213.

We've readily recognized the district court's authority to manage its own docket and to dismiss complaints for a failure to abide by court orders. Magluta, 162 F.3d at 664; Lopez, 570 F.2d at 544. We also recognize that Solis did not fully comply with the district court's order to conform to the pleading requirements set out in the Federal Rules of Civil Procedure and to identify the specific allegations she was asserting against each defendant. Rather, as the district court found, her first amended complaint with factual allegations grouped together separate from her causes of action, "amount[ed] to a shotgun-style pleading."

However, we've emphasized that the dismissal of a complaint with prejudice is a sanction of last resort, Jones, 709 F.2d at 1458, and in this case, Solis plainly attempted to comply with the district court's order. Solis's first amended complaint grouped her factual allegations by defendant instead of all together in one mass batch, and, while she still incorporated those factual allegations by reference into her causes of action, she cited only those allegations that dealt with the defendants against whom she asserted the claim. In addition, after her first amended complaint was dismissed, Solis moved for clarification and said she was

12

"unable to decipher exactly what the court is requiring," asked how the court wanted the allegations separated, and noted she "desperately need[ed] the court's guidance." When the district court denied her motion for clarification without substantive comment, Solis filed her second amended complaint and again attempted to comply with the court's order to identify the specific allegations being asserted against each defendant by dismissing all of the defendants except CITI. With only one defendant, no doubt remained regarding which allegations were being asserted against which defendant.

On this record, it does not appear that Solis engaged in a clear pattern of delay or willful contempt as would be required to dismiss her first amended complaint with prejudice. World Thrust Films, 41 F.3d at 1456. Nor, moreover, did the district court find that Solis did so. And because Solis has demonstrated that she can and will amend her pleadings to comply with the district court's requirements, it does not seem that the district court will need to act as de facto counsel or rewrite her deficient pleading. Campbell, 760 F.3d at 1168-69.

Further, while the district court said after dismissing Solis's first amended complaint that allowing the case to go forward would be a "waste of judicial resources," it did not make an explicit finding that "lesser sanctions would not suffice." World Thrust Films, 41 F.3d at 1456. And the record seems to contradict any finding to this effect, since Solis sought input from the district court on how to

proceed and has attempted to comply with the district court's orders. Thus, because the district court made no explicit findings of clear delay or willful contempt and that lesser sanctions would not suffice, we conclude that the district court abused its discretion in dismissing Solis's first amended complaint and remand the case for further proceedings.

**VACATED AND REMANDED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

For rules and forms visit  
www.ca11.uscourts.gov

July 07, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-14862-GG  
Case Style: Grace Solis v. CitiMortgage, Inc., et al  
District Court Docket No: 1:16-cv-20612-UU

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch  
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs