UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**GRACE SOLIS,**

    Plaintiff,

vs.                                                                                                       CASE NO.: 16-20612-CIV-UU

**CITIMORTGAGE, INC. et al.,**

    Defendant.

_____/

## CITIMORTGAGE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, CitiMortgage, Inc., ("CitiMortgage"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 8 & 12(b), replies to the Response to CitiMortgage Inc.'s Motion to Dismiss Third Amended Complaint ("Response") [D.E. 41], filed by GRACE SOLIS ("Plaintiff") as follows:

### I.    TCPA Allegations Remain Fatally Flawed

Plaintiff argues that her allegations supporting her TCPA claim are sufficient on their face. Plaintiff cites, for example, two items of correspondence from 2011 and 2012 in which CitiMortgage acknowledges receiving a "cease and desist communication" from Plaintiff that indicated CitiMortgage would no longer use an autodialer. Pl. Resp. at 3-4. There are two problems with the initial allegations of Plaintiff's Third Amended Complaint, and her response, in fact, reveals them in greater detail.

First, nothing in the correspondence attached to Plaintiff's Complaint admits any use of an autodialer after 2011. In fact, both items of correspondence are consistent with the cessation of use of any autodialer after 2011, i.e., as soon as Plaintiff allegedly revoked consent. Plaintiff

1

filed this case on February 19, 2016.  The statute of limitations for a TCPA claim is four years. *City Select Auto Sales, Inc. v. David Randall Assocs.,* 2012 U.S. Dist. LEXIS 16118, at *2-3 (D.N.J. Feb. 7, 2012) ("[A] four-year statute of limitations applies to actions under the Telephone Consumer Protection Act."); 28 U.S.C. § 1658(a).  The only relevant calls occurred four years before filing Plaintiff's Complaint.

Plaintiff does allege that she received additional calls after the date of her receipt of the first correspondence from CitiMortgage, dated November 4, 2011, but her allegations that these calls and text messages were autodialed are insufficient. *See, e.g., Clayton v. Aaro's Inc.,* 2013 U.S. Dist. LEXIS 86298, at *3 (E.D. Va. June 19, 2013) (granting motion to dismiss on TCPA claims where plaintiff did not make sufficient factual allegations relating to general context, number, timing, or phone number that plausibly show that defendant was using autodialing rather than manual transmission of message).  CitiMortgage could continue to engage in permissible collection calls, including manual calls, after the receipt of Plaintiff's correspondence without violating the TCPA.

The only supporting allegations for Plaintiff's claimed use of an autodialer are conclusory in nature.  Pl. Third Am. Compl. at ¶¶ 48-56. Plaintiff has combined allegations and evidence relating to before and after the November 3, 2011 cease and desist communication—such as, for example, Exhibit "N" to the Third Amended Complaint—and her allegations essentially consist of the claims that she received calls and at least one call may have involved a pause.  This is, quite simply, not enough to set forth a TCPA claim.  *See generally Smith v. Aitima Med. Equip., Inc.,* No. ED CV 16-00339-AB (DTBx), 2016 U.S. Dist. LEXIS 113671, at *19-20 (C.D. Cal. July 29, 2016); *Aikens v. Synchrony Fin. d/b/a Synchrony Bank,* No 15-10058, 2015 U.S. Dist. LEXIS 115467, 2015 WL 5818911, at *3 (E.D. Mich. July 31, 2015), report and

recommendation adopted, 2015 U.S. Dist. LEXIS 115023, 2015 WL 5818860, at *1 (E.D. Mich. Aug. 31, 2015) (noting plaintiff must provide "at least some [] detail regarding the content of the messages or calls, thereby rendering the claim that an ATDS was used more plausible").

## II.     Plaintiff's FCRA Claim is Clearly Barred by the Statute of Limitations

Plaintiff originally stated that she became aware of and complained of violations of the FCRA as early as August of 2011.  Pl. Third Am. Compl. at ¶¶ 32-33.  Plaintiff later alleges that CitiMortgage incorrectly reported or failed to investigate her allegations to the three credit reporting agencies, and that she discovered these violations on August 30, 2015. *Id.* at ¶¶ 92-103. The four year gap between the two time periods is inherently contradictory.  Plaintiff provided no allegations regarding the nature and details of this "re discovery" in 2015 in the Third Amended Complaint.  Recognizing this error, Plaintiff in her response "thanks Defendant for pointing out that she mistakenly left out the fact that Plaintiff did make another complaint about Defendant to the credit bureaus in July 2015 via certified mail . . ." Pl. Resp. at 4.

Plaintiff attaches a redacted letter as Exhibit "B" to her Response dated July 30, 2015, stating that she is providing a "re-dispute" for her CitiMortgage account.  There are two flaws with the use of this document  in support of Plaintiff's claim. First, a "re-dispute" acknowledges an existing dispute, which the correspondence implicitly acknowledges.  This places Plaintiff's FCRA claim well outside the two year statute of limitations from when she first discovered a dispute with any credit reporting by CitiMortgage.  Second, even if this letter were enough to show a late "discovery by the plaintiff of the violation that is the basis for such liability," the allegations related to the July 2015 discovery and supporting exhibit are not made in Plaintiff's Third Amended Complaint.  In her actual pleading, there are no alleged facts providing notice to CitiMortgage showing anything relevant that happened to reset the statute of limitations and

3

create a new discovery, previously unknown, sufficient to reset the statute of limitations clock under the FCRA. *See Hancock v. Charter One Mortgage,* No. 07-15118, 2008 U.S. Dist. LEXIS 42828, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008); 28 U.S.C. § 1681p.

Plaintiff's claims generally arise from CitiMortgage's credit reporting of the monthly amount due and unmade monthly payments under her mortgage, despite the account being part of a foreclosure lawsuit which required an acceleration of the debt. Plaintiff further alleges a failure by CitiMortgage to investigate these alleged inaccuracies after receiving notice from Credit Reporting Agencies. Pl. Third Am. Compl. at ¶ 92-102.

There is no case law supporting Plaintiff's allegations that CitiMortgage's reporting of the continuing failure of Plaintiff to make monthly payments went due violates the FCRA. In fact, Plaintiff's argument is illogical, because if the full accelerated amount were reported, the credit impact would be worse—because the full debt would be shown as delinquent—even before the foreclosure litigation had concluded. Furthermore, there is always a possibility that a foreclosure is unsuccessful or that an accelerated loan balance is decelerated upon a dismissal or reinstatement by the borrower. *See 2010-3 SFR Venture LLC v. Garcia*, 149 So.3d 123, 125 (Fla. 4th DCA 2014; *Evergrene Partners, Inc. v. Citibank, N.A.,* 143 So.3d 954, 956 (Fla. 4th DCA 2014).

Plaintiff does not plausibly allege that anything new, materially different, or newly discovered occurred between 2011 and 2015 to relieve her from the statute of limitations bar on her FCRA claims. The letter she attached to her response "re disputing" information on her credit reports sent to the Credit Reporting Agencies in 2015 would not reset the statute of limitations clock, even if it had been properly pled in Plaintiff's Third Amended Complaint, because on its face it does not show that anything materially changed or had been newly

4

discovered by Plaintiff. The same, ongoing dispute continued throughout the pendency of the foreclosure. It would be an unreasonable interpretation of discovery to allow potential plaintiffs to unilaterall*y* reset the limitations clock simply by filing a letter of "re dispute" of an ongoing dispute, of which Plaintiff already had substantial notice. *See Hancock v. Charter One Mortgage,* 2008 WL 2246042, at *2.[1]

### III. Plaintiff's FCCPA Claim and FCRA Claims are Barred by Res Judicata and Were Compulsory Counterclaims in the State Foreclosure Lawsuit

As is evident in the Third Amended Complaint, a great deal of Plaintiff's FCCPA and FCRA claims are rooted in disputes about the foreclosure and CitiMortgage's credit reporting arising from the underlying delinquency. Pl. Third Am. Compl. at ¶¶ 13-28; 67-77. Plaintiff alleges, for example, in Paragraph 68 that an eventually superseded complaint in the state foreclosure action "did not request a reformation of mortgage to add Sylvia Solis and Shirley Solis." Plaintiff further alleges that there was discrepancy with the endorsements of the note and the assignment of mortgage in Paragraph 70. She complains of the amounts alleged to be owed in the state court complaint in Paragraph 72.

Each of these allegations are incorporated into her FCRA and FCCPA claims. More important, the underlying facts alleged in support of her FCRA and FCCPA claims arise from accounting disputes, the reported amounts claimed to be owed, and communications related to

---

[1] In addition to being untimely, Plaintiff's claim is simply not a basis for FCRA liability. Plaintiff complains of a continuing act of under-reported delinquency, of which she was already aware since 2011. Her complaint is not with any investigation of it, so much as the fact that the reporting showed the delinquency revealed by the final judgment ultimately entered against her in state court. "Although furnishers . . . are obligated to provide complete and accurate information to [Credit Reporting Agencies even in the first instance, i.e., before a dispute, under 15 U.S.C. § 1681s-2(a), FCRA explicitly precludes private suits for failure to comply with that statutory duty, 15 U.S.C. § 1681s-2(c), and instead provides for enforcement of that provision by federal and state officials, 15 U.S.C. § 1681s-2(d)." *Seamans v. Temple Univ.,* 744 F.3d 853, 864 (3d Cir. 2014)

the note, mortgage, and related state foreclosure lawsuit.  Pl. Third Am. Compl. at ¶¶ 130; 141-142; 148-151.

Contrary to Plaintiff's Response, the case law, while not uniform, includes a majority that favors classifying a consumer's statutory claims arising from a foreclosure (and related activity such as credit reporting or communications) as compulsory counterclaims in the underlying foreclosure, bound by the res judicata effect of such judgments.  *See, e.g., Novick v. Wells Fargo Bank, N.A.,* 2017 U.S. Dist. LEXIS 87303 *5-6 (S.D. Fla. June 7, 2017) ("The facts necessary to prove Plaintiff's allegations that Wells Fargo did not modify his loan and/or violated various statutes in foreclosing on his home are the same facts that the state court had before it during the foreclosure proceedings."); *Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.*, 57 F. Supp. 3d 1358, 1371 (M.D. Fla. 2014) (holding that FDCPA claim was compulsory counterclaim under "logical relationship test" of Florida law of res judicata when "[t]he same loan transaction, mortgage, and residential property that are at issue here were the subject matter of the State Foreclosure Action."); *Patrick v. CitiFinancial Corp., LLC* 2015 U.S. Dist. LEXIS 118969 (M.D. Ala. Sept. 8, 2015) ("federal courts have also applied res judicata principles to federal cases asserting federal statutory claims after judgment in state court cases."); *Galvan v. Nationstar Mortgage*, 2014 U.S. Dist. LEXIS 20685 (D. Nev. Feb. 18, 2014) (holding that Plaintiff's RESPA, FCRA,  and related state law claims arising out of foreclosure sale arose from the "same transaction or occurrence that is the subject matter of the [state] Judicial Foreclosure Action" and were compulsory counterclaims in that action).

The fact that the earlier foreclosure lawsuit took place in state court is no obstacle to Plaintiff having raised them there.  State courts have concurrent jurisdiction over federal claims, such as the FDCPA and FCRA.  And state courts in Florida, of course, have primary and original

6

jurisdiction over FCCPA claims. *See generally Binion v. U.S. Bank, N.A.,* 2016 U.S. Dist. LEXIS 83367, *15 (N.D. Tex. Mar. 10, 2016) (barring FDCPA and FCRA claims as compulsory counterclaims following Plaintiff's failure to raise them in earlier state foreclosure lawsuit, noting that state courts had jurisdiction over either the federal or state statutory claims Plaintiff sought to bring (citing 15 U.S.C. § 1693k(d)).

The cases Plaintiff invokes holding that collection actions by defendants in RESPA, FCRA, FDCPA, or similar claims are not compulsory counterclaims are easily distinguishable. Pl. Resp. at 7. While the same transaction giving rise to a collection action necessarily includes any statutory defenses, the reverse is not the case. An action on the underlying debt is broader than the narrower circumstances that support a statutory action by an aggrieved borrower. In other words, the transaction involved in a foreclosure embraces all of the potential defenses and claims arising from the loan and related collection activity, but when these ancillary claims by the borrower are brought directly they do not necessarily include an action on the underlying debt. *See generally Ziolkowski v. Johnson, Rodenburg & Lauinger,* PLLP, 2013 U.S. Dist. LEXIS 45490, *19 (D. Mont. Mar. 27, 2013) (holding FDCPA claims barred by res judicata when later filed suit arose from "defendants conduct in either collection the debt . . . pursuing the debt collect litigation . . . accessing [Plaintiff's] credit report, or providing information to be included in [Plaintiff's] credit report.").

The case given extensive treatment by Plaintiff in support of her narrow interpretation of compulsory counterclaims, *Maddox v. Kentucky Finance Co., Inc.,* 736 F2d 380, 382 (6th Cir. 1984), has been significantly curtailed by later amendments to federal law. As noted by the court in *Edwards v. Equitable Acceptance Corp.,* No. 1:14-CV-00888, 2015 U.S. Dist. LEXIS 73903, at *5-6 (N.D. Ohio June 8, 2015) (emphasis added):

7

> **[T]hings have changed since Maddox was decided.** First, Congress enacted 28 U.S.C. § 1367, which provides [*6] district courts with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part o f the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). Since enactment of § 1367, both the Second and Seventh Circuits have decided that given its broad language, the statute supplants the judge-made rule that permissive counterclaims require an independent jurisdictional basis

Most important for this matter, case law in this jurisdiction has fairly consistently classified federal statutory actions arising under the FCRA or FDCPA as compulsory counterclaims in the underlying foreclosure action that are lost if not brought at that time and in that forum. "[W]hile the [Plaintiffs] now bring these claims as 'swords' rather than 'shields' res judicata is still applicable." *Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.*, 57 F. Supp. 3d at 1372.[2]

### IV. FCCPA Claim Preempted Because Underlying Activity Mandated by Federal Regulations Governing Mortgage Servicers

Plaintiff has argued that CitiMortgage allegedly violated the FCCPA by sending certain monthly notices to her directly. While Plaintiff has cited in her response an unreported decision from Hernando County, the majority of cases, including those from the Southern District of Florida, that have addressed the interaction of federal requirements for mortgage servicers and the requirements of the FCCPA have applied ordinary conflict preemption principles and held that such communications cannot form a basis for FCCPA liability. *See Brown v. Select Portfolio Servicing,* No. 16-62999-CIV-DIM, 2017 U.S. Dist. LEXIS 44395, at *2 (S.D. Fla. Mar. 24, 2017); *Merritt v. Seterus, Inc.*, 2017 WL 1437268 (Fla. 19th Cir. Ct. April 24, 2017); *Vanecek v. Discover Financial Services LLC,* 2015 WL 6775633, *1 (Fla. 17th Cir. Ct. 2015);

---

[2] Plaintiff has not addressed the *Rooker-Feldman* issues raised in CitiMortgage's Motion to Dismiss, so no additional analysis will be provided regarding the same.

*Antoine v. Carrington Mortg. Servs.,* LLC, No. 0:17-CV-61216-WPD, 2017 U.S. Dist. LEXIS 126220, at *5 (S.D. Fla. Aug. 7, 2017); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007) *aff'd,* 288 Fed. Appx. 571 (11th Cir. 2008).

Quite simply, Plaintiff has claimed that CitiMortgage, in order to comply with federal law, violated Florida's FCCPA. This type of statutory interpretation cannot prevail under well-established "conflict preemption" principles. *See generally Green v. Chase Bankcard Servs., Inc.,* No. 8:16-CV-3252-T-33AAS, 2017 U.S. Dist. LEXIS 43779, 2017 WL 1135314, at *5 (M.D. Fla. Mar. 25, 2017); *Bank of Am., N.A. v. Zaskey,* No. 9:15-CV-81325, 2016 U.S. Dist. LEXIS 127263, 2016 WL 4991223, at *10 (S.D. Fla. Sept. 19, 2016); *Osborne v. Vericrest Fin., Inc.,* No. 8:11-CV-716-T-30TBM, 2011 U.S. Dist. LEXIS 52787, 2011 WL 1878227, at *3 (M.D. Fla. May 17, 2011).

WHEREFORE, CITIMORTGAGE, INC. prays that the Third Amended Complaint be dismissed in its entirety, with prejudice where applicable, and that Plaintiff take nothing by these claims. CITIMORTGAGE, INC. further prays for all just and equitable relief, including its attorneys' fees and costs.

Respectfully submitted,

**ADAMS AND REESE LLP.**

*/s/ Christopher A. Roach*
Christopher A. Roach, Esq.
Florida Bar No.: 0049033
Louis M. Ursini, III, Esq.
Florida Bar No.:  00355940
Email:  louis.ursini@arlaw.com
Email:  chris.roach@arlaw.com
Email:  teresa.soluri@arlaw.com
ADAMS AND REESE LLP
101 E. Kennedy Blvd., Ste. 4000
Tampa, FL 33602
Telephone: 813-402-2880
Fax: 813-402-2887
*Counsel for CITIMORTGAGE, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October 2017 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system, and via U.S. Mail, to:

Grace Solis
730 86th Street
Miami Beach, FL 33141

                                                                                           /s/ *Christopher A. Roach*
                                                                                           Christopher A. Roach, Esq.