**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:16-cv-20612-UU

GRACE SOLIS,

    Plaintiff,

v.

CITIMORTGAGE, INC., *et al.*,

    Defendants.

_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (D.E. 37).

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

**FACTUAL ALLEGATIONS**

Except as otherwise noted, the following facts are taken from *pro se* Plaintiff's Third Amended Complaint (D.E. 30).

This action arises from a dispute between Plaintiff, a mortgagor, and Defendant, her loan servicer. In December, 2003, Plaintiff refinanced her home. D.E. 30 ¶ 15. On June 14, 2013, Defendant initiated foreclosure proceedings against Plaintiff. *Id*. ¶ 63. On August 10, 2017, the

Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, granted partial final judgment in favor of Defendant. D.E. 37, Ex. A.[1]

In this action, Plaintiff brings three claims against Defendant. First, Plaintiff alleges that Defendant violated the Telephone Consumer Protections Act ("TCPA"), 47 U.S.C. § 227, *et seq*. D.E. 30 ¶ 120. In support of this claim, Plaintiff alleges that, starting on or about November 1, 2011, Defendant called her cellular phone multiple times using autodialing equipment. *Id*. ¶ 47. Defendant used autodialing equipment to call Plaintiff's cellular phone again beginning on or about March 7, 2012. *Id*. ¶ 48. In total, Plaintiff received about seventy-seven calls after Defendant claimed to have removed her number from its automatic dialer. *Id*. ¶ 49. Plaintiff alleges that Defendant used an auto dialer to make every phone call because she heard a brief pause at the beginning of some of Defendant's phone calls. *Id*. ¶¶ 50, 56. Additionally, Plaintiff attaches to her Response in Opposition to Defendant's Motion to Dismiss (D.E. 41) two letters sent to her by Defendant in November, 2011, and August, 2012, which indicate that Defendant removed her from its auto dialer. D.E. 41, Ex A.[2]

Plaintiff next alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. In support of this claim, Plaintiff alleges that Defendant reported erroneous information about Plaintiff to credit reporting agencies. D.E. 30 ¶ 131. Plaintiff does not identify the erroneous information. She alleges, rather that she sent Defendant several Qualified Written Reports, and disputed Defendant's reports to the credit reporting agencies. *Id*. ¶¶ 22, 27, 32, 44. Plaintiff first disputed her credit report on or about August 15, 2011. *Id*. ¶ 32.

---

[1] The Court may take judicial notice of the state-court's judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir.1999) (noting that a district court may take judicial notice of public records at the dismissal stage).

[2] In ruling on a motion to dismiss, a district court may consider extrinsic documents without converting the motion into one for summary judgment when the documents are central to the complaint and not in dispute. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). Both requirements are satisfied here. Indeed, Defendant relies on the letters in its Reply in support of the Motion.

Despite her communications, Defendant did not investigate Plaintiff's dispute and did not stop reporting the allegedly false information.  *Id*. ¶ 132–33.

Finally Plaintiff alleges that Defendant violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*.  In support of this claim, Plaintiff alleges that Defendant improperly contacted Plaintiff when it knew she was represented by an attorney.  *Id*. ¶ 148.  Beginning in January, 2014, Defendant sent Plaintiff monthly statements.  *Id*. ¶ 148.  Additionally, on or about June 15, 2015, Defendant mailed Plaintiff an offer to enter a Trial Period Plan for mortgage modification.  *Id*. ¶ 106, Ex. Z.

## PROCEDURAL HISTORY

Plaintiff filed the first complaint in this case on February 19, 2016.  D.E. 1.  The Court dismissed that complaint on March 3, 2016, as a shotgun pleading.  D.E. 7.  Plaintiff filed the First Amended Complaint on March 18.  Despite the Court's earlier admonition, the First Amended Complaint was also a shotgun pleading.  D.E. 8.  Accordingly, the Court dismissed that complaint and closed the case.  D.E. 10. Plaintiff then filed a Second Amended Complaint, which again, was a shotgun pleading.  D.E. 15.

Just after Defendant moved to dismiss that complaint, Plaintiff appealed the Court's dismissal of the First Amended Complaint.  D.E. 19.  The Eleventh Circuit Court of Appeals granted the appeal.  It held that the case was effectively a dismissal with prejudice because the statute of limitations had passed, and Plaintiff could not refile her complaint after the case was closed.  D.E. 24.  Before this court could dismiss and close the case, therefore, it had to find that the dismissal with prejudice was appropriate and that lesser sanctions would not suffice.  *Id*.  Because this Court did not make such a finding, the Court of Appeals vacated this Courts order dismissing the First Amended Complaint.  *Id*.

Plaintiff filed the operative Third Amended Complaint on September 6, 2017. D.E. 30. Once again, the complaint is a shotgun pleading.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss for failure to state a claim, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Although "[a] plaintiff need not plead 'detailed factual allegations[,] . . . a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555)).

## DISCUSSION

### I.     The Complaint Again Violates Rule 8

For the fourth time, and despite the Court's two prior orders (D.E. 7, 10), the Third Amended Complaint fails to conform to Federal Rule of Civil Procedure 8 for stating claims for relief.  The Complaint amounts to a shotgun-style pleading that is frowned upon by the Eleventh Circuit Court of Appeals.  *See Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3. 2011).  "A shotgun-style complaint in [sic] one that 'incorporates all of the general factual allegations by reference into each subsequent claim for relief.'"  *Id.* (citing *Ferrell v. Durbin*, 311 Fed. App'x 253, 259 (11th Cir. 2009)).  Such a form is "disfavored as 'unhelpful and poorly drafted,' and the experience 'teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'"  *Id*. (citing *Paramo v. IMICO Brickell, LLC*, No. 08-20458-CIV, 2008 WL 4360609, at *8 (S.D. Fla. Sept. 24, 2008)).  Like the previous three complaints, the Third Amended Complaint incorporates by reference all of the general factual allegations by reference into each claim for relief.

The Court is mindful that it must afford *pro se* litigants greater leeway than those represented by counsel.  *See Lee v. Alachua Cnty., FL*, 461 Fed. Appx. 859, 860 (11th Cir.2012). Nevertheless, *pro se* litigants are still expected to follow the Federal Rules of Civil Procedure. *See generally Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (affirming dismissal with prejudice of *pro se* plaintiff's first amended complaint where plaintiff failed to correct shotgun pleading).  Dismissal with prejudice for failure to follow Rule 8 is appropriate when "'(1) a party engages in a clear pattern of delay or willful contempt

(contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 969 (11th Cir. 2017) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)); *see also Hill v. Bank of Am., Inc.*, 512 F. App'x 905, 907 (11th Cir. 2013) (listing Eleventh Circuit precedent that dismissal with prejudice is not an abuse of discretion "after three unsuccessful attempts to meet Rule 8(a)'s very low threshold").

Here, despite the Court's repeated instructions (D.E. 7, 10), Plaintiff has failed four times to meet Rule 8(a)'s low threshold. The Court finds therefore, that Plaintiff has engaged in a clear pattern of willful disregard of Rule 8 and the Court's previous Orders. The Court also finds that repeated sanctions will not suffice; despite the Court's previous Orders, each new complaint in this action is a shotgun pleading. Accordingly, dismissal with prejudice pursuant to Rule 41(b), Rule 11, and the Court's inherent power to sanction is appropriate.

In addition to falling short of Rule 8, the Third Amended Complaint contains substantive deficiencies, which also warrant dismissal with prejudice.

## II.     Plaintiff Fails to State a TCPA Claim

To state a TCPA claim, Plaintiff must allege that the Defendant (1) called her cellular or wireless phone, (2) by using an automatic dialing system, and (3) without her prior express consent. *See* 47 U.S.C. § 227(b)(1)(A); *see also Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).

Defendant argues that Plaintiff's TCPA claim has two defects: first, Plaintiff fails to show that she did not consent, and second, Plaintiff's allegations that Defendant used an auto dialer are conclusory and contradicted by Plaintiff's exhibits. Plaintiff responds that she wrote letters to Defendant whereby she revoked her consent. D.E. 30 ¶ 42; *see also* D.E. 41, Ex. A.

Plaintiff also argues that her allegation of a "brief pause" before some of the phone calls is sufficient to infer that an auto dialer was used.

Defendant is correct.  Where, as here, a plaintiff provides her cellphone number to a creditor (for example, as part of a credit application) she has provided express prior consent to be contacted at that number regarding the debt.  *See Pollock v. Bay Area Credit Serv.*, LLC, No. 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009) (citing FCC Rule 07–232 and FCC, In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of Aca International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n. 23 (2007), 23 F.C.C.R. 559, 564 ("[T]he provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.")).  Plaintiff withdrew her consent, but as her own exhibits show, Defendant removed her from its auto-dialer system when it received her letter.  D.E. 41, Ex.A ("We are in receipt of your written request to cease and desist all collection calls . . . . we have removed your information from our auto-dialer system.").

Plaintiff's allegations do not support the inference that Defendant continued contacting her by auto dialer after it said it had removed her information from the auto-dialer system. Plaintiff's only factual allegation is that when she answered some calls she heard a brief pause. "Dead air" may evidence an auto dialer, *see  De Los Santos v. Millward Brown, Inc.*, No. 13-80670-CV, 2014 WL 2938605, at *3 (S.D. Fla. June 30, 2014), however, that allegation alone without any dates or details is not sufficient when the Plaintiff's exhibit shows that Defendant stopped using an auto-dialer in November, 2011.  *See Augustin*, 43 F. Supp. 3d at 1253 ("Plaintiff's contention that he must only allege that a call was placed to a cellular phone using

7

an automatic telephone system, without any dates, details or identifying phone numbers, is not supported by case law."). Accordingly, Plaintiff has failed to state a TCPA claim.

### III. Plaintiff's FCRA Claim is Barred by the Statute of Limitations

Defendant argues that Plaintiff's FCRA claim is barred by the statute of limitations because Plaintiff discovered the alleged violation in 2011. Plaintiff responds that she "re-disputed" Defendant's reports to the credit agencies in July, 2015.

Section 1681p of the FCRA provides the following time limit for filing a claim:

An action to enforce any liability created under this subchapter may be brought . . . not later than the earlier of—

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
(2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. §1681p.

The Complaint indicates that Plaintiff discovered the alleged violations in 2011. D.E. 30 ¶¶ 32, 37, 39. She was, therefore, obligated to bring suit within two years. She did not do so, and so her claim is time barred. *See, e.g.*, *Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (holding that dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time barred.").

Plaintiff's "re-dispute" of the same violations at a later date does not restart the statute of limitations. *See Blackwell v. Capital One Bank*, No. 606CV066, 2008 WL 793476, at *3 (S.D. Ga. Mar. 25, 2008) ("Once [Plaintiff] discovered the allegedly inaccurate information, submitted her complaint and Capital One failed to investigate it (as evidenced by its refusal to amend the reported information), she had two years to bring her action.") (citing *Bittick v. Experian Information Solutions, Inc.*, 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006) (ruling that additional

8

complaints regarding the same allegedly inaccurate information "cannot restart the limitations clock" because to hold otherwise "would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency.")); *Hancock v. Charter One Mortg.*, No. 07-15118, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008) (dismissing FRCA claim based on statute of limitations and rejecting plaintiffs' argument that their subsequent dispute letters regarding the same violations restart the statute of limitations).

## IV. Plaintiff's FCCPA Claim Fails Because Defendant's Conduct Was Mandatory Under Federal Law

Defendant argues that Plaintiff's FCCPA Claim fails because the communications Plaintiff complains of do not constitute violations of the FCCPA. Indeed, Defendant's periodic statements are mandated by the Federal Truth in Lending Act ("TILA") Regulation Z. *See* 12 C.F.R. § 1206.41. Plaintiff responds that Defendant should have mailed the monthly statements to her attorney in the foreclosure action.

The FCCPA makes it unlawful to:

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. Ann. § 559.72.

This Court addressed this issue in *Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV, 2017 WL 1157253 (S.D. Fla. Mar. 24, 2017). There, the plaintiff brought FDCPA and FCCPA claims based on monthly mortgage statements sent to the plaintiff while she was represented by counsel. After a thorough review of TILA Regulation Z and guidance issued by the Consumer Financial Protection Bureau, the Court held periodic statements under TILA are

9

outside the FDCPA and FCCPA's ambit. *Brown*, 2017 WL 1157253 at *4; *see also Hill v. DLJ Mortg. Capital, Inc.*, No. 15CV3083SJFAYS, 2016 WL 5818540, at *8–9 (E.D.N.Y. Oct. 5, 2016) (same). This holding accords with the Florida state courts, which hold that monthly billing statements are not an attempt to collect a debt. *See Vanecek v. DiscoverFinancial Services, LLC*, No. COCE14023621, 2015 WL 6775633 (Fla. 17th Cir. Ct. 2015) (finding that "the monthly billing statement was not an attempt to collect a debt as a matter of law"); *Havey v. Discover Financial Services, LLC*, No. 2015-SC-18, 2015 WL 6965138 (Fla. 12th Cir. Ct. 2015) (finding that periodic statements "were not attempts to collect a debt in violation of the FCCPA as a matter of law"). Accordingly, Plaintiff's FCCPA claim fails.[3]

## CONCLUSION

Because Plaintiff has failed, for the fourth time, to comply with Rule 8, and because the Third Amended Complaint suffers from substantive deficiencies, the Court will dismiss the Complaint with prejudice. It is, therefore, hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (D.E. 37) is GRANTED. The Court will issue a separate order entering judgment pursuant to Rule 58.

---

[3] Defendant also argues that Plaintiff's FDCPA and FCCPA claims fail on *res judicata* and *Rooker-Feldman* grounds. The Court finds no case law from this Circuit squarely on point for either contention. Because this case is easily resolved by well-established law, the Court finds it unnecessary to make new law by exploring these arguments.

DONE AND ORDERED in Chambers at Miami, Florida, this _3d_ day of January, 2018.

_____
UNITED STATES DISTRICT JUDGE

cc:  counsel of record via cm/ecf

*Pro se* Plaintiff